Steven M. Tindall, SBN #187862
Email: smt@classlawgroup.com
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, California 94612-1406
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray
Email: jmurray@terrellmarshall.com
Adrienne D. McEntee
Email: amcentee@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| DEBORAH SCHICK,<br><br>    Plaintiff,<br>v.<br><br>24 HOUR FITNESS USA, INC. and ZOOM MEDIA GROUP, INC.,<br><br>    Defendants. | NO. 3:19-cv-02193<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMAND** |

   Deborah Schick, individually and on behalf of others similarly situated, alleges the following against Defendants 24 Hour Fitness USA, Inc. (24 Hour Fitness) and Zoom Media Group, Inc. (Zoom Media).

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 1

## I. NATURE OF ACTION

1. On February 19, 2019 Deborah Schick received a phone call on her cellular phone from, selling advertising space at 24 Hour Fitness. The call was placed by Zoom Media using an automatic telephone dialing system (ATDS).

2. Ms. Schick did not provide prior, express, written consent to receive calls from 24 Hour Fitness or Zoom Media.

3. Ms. Schick brings this class action for damages and other equitable and legal remedies resulting from Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (TCPA).

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, because they present a federal question.

5. This Court has personal jurisdiction over Defendants because 24 Hour Fitness is headquartered in California and Defendants' concerted conduct at issue was organized in part from 24 Hour Fitness's California headquarters.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims—namely, the coordination of the illegal telemarketing—occurred in this District.

7. Assignment to this Division is proper pursuant to Civil L.R. 3-2(c) because a substantial part of the events or omissions that give rise to Plaintiff's claims—namely, the coordination of the illegal telemarketing — occurred in Contra Costa County.

## III. PARTIES

8. Plaintiff Deborah Schick resides in Scottsdale, Arizona.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 2

9. Defendant 24 Hour Fitness USA, Inc. is a corporation organized under the laws of California with its principal place of business at 12647 Alcosta Blvd., Suite 500, San Ramon, California, 94583.

10. Defendant Zoom Media Group, Inc., is a Canadian corporation with its principal place of business at 999 de Maisonneuve West, Suite 1000, Montreal Quebec, Canada, H3A 3L4.

### IV.  FACTS

**A.  24 Hour Fitness contracts with Zoom Media to place telemarketing calls to businesses that may want to purchase advertising space at 24 Hour Fitness clubs.**

11. 24 Hour Fitness operates over 400 fitness clubs in 13 different states. *See* https://www.24hourfitness.com/Website/clubList/ (last visited April 17, 2019).

12. One of the ways 24 Hour Fitness gains revenue is through advertisements at its fitness clubs.

13. 24 Hour Fitness uses telemarketing to identify businesses that may want to advertise at its fitness clubs.

14. To carry out this telemarketing, 24 Hour Fitness partners with Zoom Media.

15. According to a March 4, 2015 press release, Zoom Media serves as 24 Hour Fitness's "exclusive third-party representative for all advertising placed within 24 Hour Fitness® clubs." *See* https://www.prnewswire.com/news-releases/zoom-media-named-exclusive-media-and-advertising-provider-for-24-hour-fitness-294977731.html (last visited April 18, 2019).

**B.  Defendants used an ATDS to place non-emergency telemarketing calls to Plaintiff's cellular phone without her prior, express, written consent.**

16. Plaintiff is a "person," as defined by 47 U.S.C. § 153(39).

17. Plaintiff's telephone number, 951-676-XXXX, is assigned to a cellular telephone service.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3

18. On February 19, 2019 Plaintiff received an automated call from Caller ID (760) 317-4742.

19. When Plaintiff answered the phone, there was no one on the other line.

20. Plaintiff said "hello" several times.

21. Instead of a response, Plaintiff heard a loud click and then a pause.

22. The loud click and then pause is indicative of a predictive dialer being used, as the sound heard by the call recipient is the algorithm of the predictive dialer's computer attempting to send the call to a telemarketing representative.

23. A predictive dialer is an ATDS for purposes of the TCPA.

24. As further indication that the call was made by an ATDS, a return call to (760) 317-4742 results in a busy signal which then disconnects the line. In other words, it is a non-working number. To program a non-working Caller ID typically takes a computer program associated with ATDS equipment.

25. When a live human finally came on the line, she identified herself as "Ruthie" and said she was calling from 24 Hour Fitness.

26. "Ruthie" said that she was calling chiropractors' offices to attempt to sell ad space at 24 Hour Fitness. "Ruthie" said that she only had one advertising spot left in a specific location.

27. Plaintiff, skeptical of the unsolicited cold call, requested a written contact so she could investigate the call.

28. "Ruthie" said that "Annette" would send her an e-mail.

29. An email was then sent from **"Annette Reid-Blaylock fitnessclubads@gmail.com"**, which stated:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 4

> It was a pleasure speaking with you today. I am excited to share this exclusive opportunity with you! You are invited to participate in an exclusive sponsorship opportunity with 24 Hour Fitness. We are looking for just ONE local CHIROPRACTOR to recommend and promote to our members at your local 24 hr Fitness Super Sports club in Temecula Sport Gym See below for more details!..
>
> Annette Blaylock
> San Diego Regional Sales
> 760-678-7115

30. Plaintiff responded to the email, asking why the email was being sent from an entity other than 24 Hour Fitness, the company that was identified on the call.

31. Ms. Blaylock's response was, "Zoom Media is the advertising network partner of 24hr fitness. I use this email for marketing purposes."

32. Plaintiff never provided her prior express written consent to receive solicitation calls on her cellular telephone from 24 Hour Fitness or Zoom Media.

C.   **Defendants' solicitation call injured Plaintiff.**

33. Plaintiff is a chiropractor.

34. Plaintiff uses her cell phone for her business. During the relevant period, Plaintiff has carried her cellular phone with her at most times so she can be available to clients and potential clients.

35. Defendants' call invaded Plaintiff's privacy and intruded upon her right to seclusion. The calls frustrated and upset Plaintiff by interrupting her daily life and wasting time.

36. Defendants' calls intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The calls temporarily seized and trespassed upon Plaintiff's use of her cellular phone, and caused her to divert attention away from other activities to address the calls.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 5

**D.  Zoom Media is liable for TCPA violations.**

37.  The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes[.]" 47 U.S.C. § 227(b)(1)(B).

38.  Zoom Media is liable for the TCPA violations alleged in this Complaint because it initiated telemarketing calls to Plaintiff and Class members' (defined below) cellular telephone using an ATDS without Plaintiff and Class members' prior express written consent.

**E.  24 Hour Fitness is liable for TCPA violations.**

39.  Regulations of the Federal Communication Commission ("FCC") "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See Rules and Regs. Implementing the Telephone Consumer Prot. Act of 1991*, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

40.  By using an ATDS to place calls to cellular telephones for the exclusive purpose of selling advertising space in 24 Hour Fitness clubs, Zoom Media placed calls on behalf of 24 Hour Fitness. Indeed, Zoom Media characterizes itself as the "advertising network partner of 24hr fitness."

41.  A seller of goods or services also can be vicariously liable for TCPA violations even if the seller did not directly place or initiate the calls under federal common law agency principals. *See In the Matter of the Jt. Pet. filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

42.  24 Hour Fitness is vicariously liable for the calls Zoom Media placed in violation of the TCPA because Zoom Media acted as 24 Hour Fitness's agent. 24 Hour Fitness entered

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 6

into a long-term media and advertising contract with Zoom Media appointing Zoom Media as its exclusive third-party representative for all advertising placed within 24 Hour Fitness clubs.

43. 24 Hour Fitness gave Zoom Media actual or implied authority to place telemarketing calls on its behalf.

44. 24 Hour Fitness cloaked Zoom Media with implied authority to act on its behalf, including but not limited to authorizing Zoom Media to represent to the called parties that the call was "from 24 Hour Fitness" and not Zoom Media.

45. 24 Hour Fitness accepted the benefits of Zoom Media's illegal telemarketing by accepting fees from advertisers, despite the fact that these fees were generated through illegal telemarketing.

46. 24 Hour Fitness had the authority and responsibility to prevent or correct the unlawful telemarketing of Zoom Media, including the acts set forth in this Complaint, but failed to do so.

## II. CLASS ACTION ALLEGATIONS

47. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(2), and (b)3 as a representative of the following class:

> All persons within the United States who received, on or before April 23, 2015 a non-emergency telephone call from or on behalf of 24 Hour Fitness USA, Inc., promoting goods or services to a cellular telephone number through the use of an automatic telephone dialing system or prerecorded voice.

Plaintiff reserves the right to amend the class definition following an appropriate period of discovery.

48. The class as defined above are identifiable through phone records and phone number databases.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 7

49. Because auto-dialing equipment maintains records of each contact, members of the above-defined Class can be identified through Defendant's records.

50. Plaintiff is a member of the proposed class.

**Numerosity**

51. At the time of filing, Plaintiff does not know the exact number of Class members. But ATDS equipment is generally used when the telemarketer wants to reach a high volume of potential customers and indicates that Class members likely number in the hundreds of thousands.

52. 24 Hour Fitness does business in thirteen states and has over 400 locations. Thus, Class members are geographically disbursed such that joinder is impracticable.

**Commonality**

53. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether Defendants' dialing system(s) constitute an ATDS under the TCPA;

    b. Whether Defendants used an ATDS to place non-emergency calls to the cellular telephones of Plaintiff and Class members without their prior express written consent;

    c. Whether Defendants' telephone calls were made knowingly and willfully;

    d. Whether Plaintiff and Class members were injured by receiving such calls;

    e. Whether Plaintiff and Class members are entitled to statutory damages because of Defendants' actions; and

    f. Whether Defendants should be enjoined from engaging in such conduct in the future.

### Typicality

54. Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class members, has been injured by Defendant's uniform misconduct—the placement of calls to cellular telephones for non-emergency purposes without the prior written express consent of the called parties.

### Adequacy of Representation

55. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

### Predominance

56. Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or its agents.

### Superiority

57. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Defendant's financial resources, Class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-wide damages are essential to induce Defendant to comply with federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would

otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

### III. CLAIM FOR RELIEF

### Violation of 47 U.S.C. § 227(b)(1)

58. Defendants violated 47 U.S.C. § 227(b)(1) by placing non-emergency calls, either directly or through the actions of others, using an automatic telephone dialing system or an artificial or prerecorded voice to cellular telephone numbers without the prior express written consent of the called party.

59. Defendants knowingly and willfully violated 47 U.S.C. § 227(b)(1) of the TCPA.

60. Zoom Media is liable for the calls placed in violation of the TCPA because Zoom Media initiated the calls. 47 U.S.C. § 227(b)(1)(B)

61. 24 Hour Fitness is liable for the calls Zoom Media placed in violation of the TCPA because the calls were placed on 24 Hour Fitness's behalf. *See Rules and Regs. Implementing the Telephone Consumer Prot. Act of 1991*, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995)

62. Alternatively, 24 Hour Fitness is liable for the calls Zoom Media placed in violation of the TCPA under federal common law principles of agency including actual authority, implied actual authority, agency, and ratification.

63. Plaintiff and Class members are entitled to an award of $500 in damages for each call Defendants placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA.

64. Plaintiff and Class members are entitled to an award of $1,500 in damages for each call Defendants placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA.

65.     Plaintiff and Class members are entitled to appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendant to implement measures to stop future violations of the TCPA.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

A.    Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the Class defined above and appointing Plaintiff as the Class representative;

B.    Appoint the undersigned counsel as Class Counsel;

C.    Declare that the actions complained of herein violate the TCPA;

D.    Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendant to implement measures to stop future violations of the TCPA;

E.    Award Plaintiff and the Class damages, as allowed by law;

F.    Award Plaintiff and the Class costs and attorneys' fees, as allowed by law, equity and/or California Code of Civil Procedure section 1021.5;

G.    Grant leave to amend this Complaint to conform to the evidence presented at trial; and

H.    Grant such further relief as the Court deems proper.

## IV.  DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 11

RESPECTFULLY SUBMITTED AND DATED this 23rd day of April, 2019.

GIBBS LAW GROUP LLP

By: */s/ Steven M. Tindall*, SBN #187862
Steven M. Tindall, SBN #187862
Email: smt@classlawgroup.com
505 14th Street, Suite 1110
Oakland, California 94612-1406
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray
Email: jmurray@terrellmarshall.com
Adrienne D. McEntee
Email: amcentee@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Anthony I. Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

Andrew Heidarpour
E-mail: heidarpourlawfirm@gmail.com
HEIDARPOUR LAW FIRM, PLLC
1300 Pennsylvania Avenue N.W., Suite 190
Washington, D.C. 20004
Telephone: (202) 234-2727

*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 12